UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

IDC FINANCIAL PUBLISHING, INC.,

        Plaintiff,

v.

BONDDESK GROUP, LLC, et al.,

        Defendants.

Case No. 15-cv-1085-pp

**PLAINTIFF'S MOTION TO FILE AS RESTRICTED AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

    Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure, Civil Local Rule 79(d)(4) of the United States District Court for the Eastern District of Wisconsin, and the Protective Order entered in this case on February 15, 2016 (ECF No. 30), Plaintiff IDC Financial Publishing Company, Inc., by and through their undersigned counsel, hereby move for an Order permanently restricting portions of Exhibits A, D, E, F, G, H, I, J, K, L, and M attached to the Declaration of John Kirtley in support of Plaintiff's Civil L.R. 7(h) Non-Dispositive Motion.

    This Motion is based on this motion, the incorporated Memorandum of Points and Authorities in support thereof, the pleadings and papers on file herein, and such other evidence and argument as may be presented before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

    To protect the confidentiality of non-public and confidential information exchanged during discovery, the parties executed a Protective Order, which was entered on February 15, 2016 (the "Protective Order"). (Docket No. 30.) On September 7, 2016, Plaintiff will file a Civil L.R. 7(h) Non-Dispositive Motion and a supporting declaration and exhibits seeking to compel production of documents from Defendants BondDesk Group, LLC, and TradeWeb Direct, LLC

(collectively "TradeWeb"). The exhibits contain information that was provided in reliance upon, and subject to, the Protective Order in this litigation by TradeWeb. Specifically, Exhibits A, D, E, F, G, H, I, J, K, L, and M to the Declaration of John Kirtley consist of documents produced in discovery that have been designated by TradeWeb as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" pursuant to the Protective Order.

## II. ARGUMENT

### A. The Court Has the Authority to Allow Plaintiff to File Documents As Restricted

The presumption that documents filed with the Court are considered public documents is a rebuttable one. Pursuant to Fed. R. of Civ. P. 5.2(d) and Civil L.R. 79(d)(4), this Court may allow a document to be filed under seal or as restricted for good cause. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("[e]very court has supervisory power over its own records and files"). Courts routinely allow parties to seal or restrict documents containing sensitive business information, especially, where, as here, the confidential material is non-dispositive, or where documents contain "trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002); *see also SmithKline Beecham Corp. v. Pentech Pharm., Inc.*, 261 F. Supp. 2d 1002, 1008 (N.D. Ill. 2003) ("[P]ortions of documents that are shown to contain trade secrets, or other information that would cause undue private or public harm if disclosed, as by invading personal privacy gratuitously, may be kept under seal.").

### B. Good Cause Exists for Allowing These Documents to be Filed As Restricted

These documents and declarations should be sealed because they reference, describe, and quote from documents and information that TradeWeb has designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY," containing non-public and confidential business and financial information belonging to TradeWeb. Specifically, these documents and declarations discuss

TradeWeb's contracts, policies, systems, and revenue. *See Jessup v. Luther*, 277 F.3d 926, 929 (7th Cir. 2002) (finding redactions may be warranted "in order to protect trade secrets or other compelling interests in secrecy"). All of this information constitutes sensitive business information that was produced in discovery and designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" by TradeWeb. *See*, *e.g.*, *Equal Emp't Opportunity Comm'n v. Abbott Labs.*, No. 10–C–833, 2012 WL 3842460, at *2 (E.D. Wis. Sept. 5, 2012) (documents containing sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal). TradeWeb has designated the information as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" as it believes that the information is the type by which disclosure could be damaging to its ability to compete in the marketplace. *See SmithKline*, 261 F. Supp. 2d at 1008 (maintaining a document under seal may be necessary where public disclosure of the information would effectively afford "other firms an unearned competitive advantage—unearned because the issue of public disclosure arises from the adventitious circumstance of the [document]'s having become caught up in litigation and as a result having become filed in court").

### III. CONCLUSION

Pursuant to Civil L.R. 79(d), Plaintiff respectfully request that the Court permanently restrict Exhibits A, D, E, F, G, H, I, J, K, L, and M to the Declaration of John Kirtley in Support of Plaintiff's Civil L.R. 7(h) Expedited Non-Dispositive Motion.

Dated this 7th day of September, 2017.

By: *s/ John L. Kirtley*
John L. Kirtley, State Bar No. 1011577
Paul F. Heaton, State Bar No. 1000858
Matthew M. Wuest, State Bar No. 1079834
David R. Konkel, State Bar No. 1097244
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
Fax: 414-273-5198
Email: jkirtley@gklaw.com
pheaton@gklaw.com
Mwuest@gklaw.com
dkonkel@gklaw.com

Attorneys for IDC Financial Publishing, Inc.

17739446.1