UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IDC FINANCIAL PUBLISHING, INC., <br><br> Plaintiff, <br><br> v. <br><br> BONDDESK GROUP, LLC, et al., <br><br> Defendants. | Case No. 15-cv-1085-pp |

**PLAINTIFF'S CIVIL L.R. 7(h) EXPEDITED NON-DISPOSITIVE MOTION**

IDC Financial Publishing, Inc. ("IDC") moves, pursuant to Fed. R. Civ. P. 37(a) and Civil L.R. 7(h), to compel production of unredacted documents from BondDesk Group, LLC, and TradeWeb Markets, LLC (collectively, "TradeWeb"). TradeWeb produced 6,000 documents in discovery. (Kirtley Decl. ¶ 2.) IDC has identified more than 600 of these documents that TradeWeb has unilaterally redacted. (*Id.*, Ex. A.) It does not redact personal information, account numbers, or the like; rather, TradeWeb redacted vast swaths of information from its documents. For example, it redacted nearly all text in dozens of emails, contracts, and spreadsheets. (*Id.* ¶¶ 6–15, Exs. D–M.) TradeWeb justifies some redactions as covering "nonresponsive" information (*id.*, Exs. D, F), while other redactions are not explained at all. (*Id.*, Exs. E, G.)

The scope of discovery is broad: "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Here, there is no debate that the *documents* at issue fall within this scope. Instead, TradeWeb has identified particular portions of documents it deemed "responsive" and simply withheld the remainder. (Kirtley Decl. ¶¶ 2–16, Ex. B–M.) A producing party is not generally permitted to redact what it considers "irrelevant." *U.S. Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, No. 13–cv–04307, 2015 WL 2148394, at *2 (N.D. Ill. May 5, 2015)

("[R]edaction of otherwise discoverable documents is the exception rather than the rule."); *Burris v. Versa Prod., Inc.*, No. 07–3938 (JRT/JJK), 2013 WL 608742, at *3 (D. Minn. Feb. 19, 2013) ("[T]hese types of redactions find no support in the Rules and are fraught with the potential for abuse, [and] the Court will not permit them unless the circumstances provide an exceedingly persuasive justification to do so."); *In re FedEx Ground Package Sys., Inc. Emp't Practices Litig.*, No. 3:05-MD-527, 2007 WL 79312, at *5 (N.D. Ind. 2007) ("Generally, the Federal Rules provide no procedural device for unilateral redaction by a party and it is a procedure that is not favored."). This general rule flows from the federal rule: "Rule 34 talks about production of 'documents,' as opposed to the relevant information contained in those documents…There is no express or implied support for the insertion of another step in the process...in which a party would scrub responsive documents of non-responsive information." *Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, No. 2:05-cv-555, 2008 WL 4462301, at *2 (W.D. Pa. 2010).[1] When courts have departed from this rule, "the number of redacted documents appeared to be small, and the content of the redactions was readily apparent." *Beverage Distribs., Inc. v. Miller Brewing Co.*, No. 2:08-CV-1112, 2010 WL 1727640, at *5 (S.D. Ohio Apr. 28, 2010) (collecting cases). TradeWeb's hundreds of redactions of spreadsheets, emails, contracts, etc. do not fit into this exception. (Kirtley Decl. ¶¶ 2, 6–15, Exs. D–M.)[2]

The scope of TradeWeb's redactions frustrates IDC's efforts to prosecute this case. *Dolgencorp*, 2015 WL 2148394, at *2 ("What constitutes relevant information is often a matter

---

[1] *See also Bartholomew v. Avalon Cap. Grp., Inc.*, 278 F.R.D. 441, 451–52 (D. Minn. 2011) ("Fed. R. Civ. P. 34 concerns the discovery of 'documents'; it does not concern the discovery of individual pictures, graphics, paragraphs, sentences, or words within those documents.").

[2] TradeWeb's redactions are also inconsistent with its written responses. In its many pages of objections, nowhere did TradeWeb state that it would produce only portions of documents based on "relevance." (*Id.* ¶ 16, Ex. N.) To the contrary, TradeWeb repeatedly represented that it would "produce responsive documents" without noting any relevance-related redactions. (*Id.*) Nor did TradeWeb disclose the redactions with the production or in a log. (*Id.* ¶ 16.) IDC has not redacted any of the documents it produced in this case based on relevance. (*Id.* ¶ 17.)

of judgment, and even irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.") (citation omitted); *Bonnell v. Carnival Corp.*, No. 13-22265, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014) (rejecting "the carte blanche right to willy-nilly redact information from otherwise responsive documents in the absence of privilege, merely because the producing party concludes on its own that some words, phrases, or paragraphs are somehow not relevant"); *Evon v. Law Offices of Sidney Mickell*, No. S-09-0760 JAM GGH, 2010 WL 455476, *4 n.1 (E.D. Cal. 2010) ("[A] party should not take it upon him, her or itself to decide unilaterally what context is necessary for the non-redacted part disclosed, and what might be useless to the case. It should not come as a shock to those involved in litigation, that parties may see the outcome differently."); *Kern v. U. of Note Dame Du Lac*, No. 3:96-CV-406-RM, 1997 WL 816518, at *7 (N.D. Ill Aug. 12, 1997) ("The extent of the redactions makes it nearly impossible to determine the relevancy of the disclosed information"). After all, "[i]t is a rare document that contains only relevant information." *Bartholomew*, 278 F.R.D. at 451.

Finally, TradeWeb cannot identify any prejudice from the production of unredacted documents.[3] In fact, the only "prejudice" that TradeWeb raised during our meet and confer was that IDC may use the information to support its arguments on damages.[4] (Kirtley Decl. ¶ 5.) The revelation of exposure does not constitute prejudice, nor does it justify redaction; *it is the very point of discovery. See Mervyn v. Atlas Van Lines, Inc.*, No. 13 C 3587, 2015 WL 12826474, at *3 (N.D. Ill. Oct. 23, 2015) ("The discovery of additional causes of action is one of the purposes of discovery, not an unhappy byproduct."). TradeWeb's redactions omit portions of its contracts

---

[3] As the party objecting to discovery, TradeWeb has the burden of proving that the information sought is outside the scope of discoverable information under Rule 26. *See*, *e.g.*, *Dolgencorp*, 2015 WL 2148394, at *1.

[4] TradeWeb cannot justify its redactions after the fact as protecting confidential information: the Court's protective order has adequately served to protect other confidential material to date.

with customers, apparently because they do not expressly reference IDC. But TradeWeb's promises and processes regarding customer requests are relevant to IDC's claims which center on TradeWeb's decision to distribute IDC's information to Fidelity Investments without authorization in response to such a request. To the extent TradeWeb disagrees with the admissibility of a document, an objection is appropriate upon its introduction, not large-scale redaction to prevent IDC from discovering the information in the first place.

In sum, TradeWeb should be compelled to produce complete, unredacted documents.

Dated this 7th day of September, 2017.

> By: *s/ John L. Kirtley*
> John L. Kirtley, State Bar No. 1011577
> Paul F. Heaton, State Bar No. 1000858
> Matthew M. Wuest, State Bar No. 1079834
> David R. Konkel, State Bar No. 1097244
> Godfrey & Kahn, S.C.
> 833 East Michigan Street, Suite 1800
> Milwaukee, WI 53202-5615
> Phone:  414-273-3500
> Fax:  414-273-5198
> Fax:  414-273-5198
> Email:  jkirtley@gklaw.com
> pheaton@gklaw.com
> Mwuest@gklaw.com
> dkonkel@gklaw.com

Attorneys for IDC Financial Publishing, Inc.

# CERTIFICATION

Pursuant to Civil L. R. 37, Plaintiff hereby certifies that the parties met and conferred telephonically on August 23, 2017, at 1:30 p.m. to resolve their disagreements regarding the production of unredacted documents by TradeWeb without Court action. The parties were unable to reach an accord. Present on the telephonic meet and confer were John Kirtley, David Konkel, and Matthew Wuest, on behalf of Plaintiff, and Peter Simmons and Michael Kleinmann, on behalf of TradeWeb.

Dated this 7th day of September, 2017.

                                                    GODFREY & KAHN, S.C.

                                                  By: *s/ John L. Kirtley*
                                                      John L. Kirtley
                                                      State Bar No. 1011577
                                                      Paul F. Heaton
                                                      State Bar No. 1000858
                                                      Matthew M. Wuest
                                                      State Bar No. 1079834
                                                      David R. Konkel
                                                      State Bar No. 1097244

                                                Attorneys for IDC Financial Publishing, Inc.

P.O. ADDRESS:
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202-5615
Phone: 414-273-3500
Fax: 414-273-5198
jkirtley@gklaw.com
pheaton@gklaw.com
mwuest@gklaw.com
dkonkel@gklaw.com
17727492.2