UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IDC FINANCIAL PUBLISHING, INC.,

        Plaintiff,

v.                                      Case No. 15-cv-1085-pp

BONDDESK GROUP, LLC, *et al.*,

        Defendants.

**ORDER GRANTING THE PLAINTIFF'S MOTION TO RESTRICT DOCUMENTS (DKT. NO. 45) AND GRANTING THE PLAINTIFF'S CIVIL L.R. 7(h) NON-DISPOSITIVE MOTION TO COMPEL (DKT. NO. 46)**

On September 7, 2017, the plaintiff filed two motions: (1) a Civil L.R. 7(h) expedited, non-dispositive motion to compel production of un-redacted documents, dkt. no. 46; and (2) a motion to restrict documents submitted in support of the motion to compel, dkt. no. 45. The defendants join in the plaintiff's motion to restrict documents, dkt. no. 48, and filed their response in opposition to the plaintiff's motion to compel on September 14, 2017.

    1.    <u>The Plaintiff's Motion to Restrict Documents (Dkt. No. 45)</u>

The plaintiff's motion seeks to restrict from public view portions of Exhibits A, D, E, F, G, H, I, J, K, L and M, which are attached to John Kirtley's declaration in support of the plaintiff's Civil L.R. 7(h) motion to compel. Dkt. No. 47. The plaintiff states that "these documents and declaration should be sealed because they reference, describe, and quote from documents and information that TradeWeb has designated as CONFIDENTIAL or ATTORNEYS EYES ONLY" under the court's February 15, 2016 protective order (dkt. no.

1

30). The Seventh Circuit, however, has held that courts should not restrict documents solely because the parties have agreed to restrict them: "Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." In re Specht, 622 F.3d 698, 701 (7th Cir. 2010) (citing Baxter Int'l, Inc. v. Abbott Laboratories, 297 F.3d 544 (7th Cir. 2002)).

In their request to join the plaintiff's motion, the defendants more specifically detail the sensitive nature of the documents. Dkt. No. 48. They state that the materials to be restricted include "drafts of contracts between Tradeweb and its customers and . . . internal Tradeweb comments concerning negotiations of one of those contracts. [Certain Exhibits] relate to the specific customizations of the functionality of Tradeweb's electronic platform to meet the specific trading needs of individual customers." Dkt. No. 48 at 2. They allege that the documents "contain commercially sensitive, non-public, and proprietary business information relating to Tradeweb's business and its relationship with numerous of its customers." Id. at 1. They assert that disclosure of the information in the documents "would be commercially harmful to Tradeweb's relationship with its customers, and "would . . . provide unwarranted access to competitively sensitive information to Tradeweb's competitors and to competitors of its customers[.]" Id. at 2.

The court finds that the defendants have stated good cause to restrict the documents, and the court will grant the motion.

2. The Plaintiff's Civil L.R. 7(h) Motion to Compel (Dkt. No. 46)

The plaintiff's motion to compel seeks production of un-redacted documents from the defendants. Specifically, the plaintiff alleges that while defendant TradeWeb has produced more than 6,000 documents in discovery, the plaintiffs have found that over 600 of the documents have been "unilaterally redacted." Dkt. No. 46 at 1. The plaintiff states that the redactions are broad; the defendants have redacted nearly all the text in "dozens of emails, contracts, and spreadsheets." Id. The plaintiff says that "there is no debate that the *documents* at issue fall within th[e] scope [of discovery][,]" and argue that the defendants should not be allowed redact large swaths of information in an otherwise responsive document on the ground that the defendants have deemed such information irrelevant. Id. (emphasis in original). The plaintiff notes that the defendant "cannot identify any prejudice from the production of unredacted documents[,]" and argues that if the defendants disagree about the relevance of information contained in a document, "an objection is appropriate upon its introduction," rather than large scale redactions at the discovery stage. Id.

The defendants respond that the material they have redacted from the documents is not relevant to the case. Dkt. No. 49 at 1. The defendants aver that they have produced all of TradeWeb's discussions with its customers about "whether to include IDC financial strength ratios as a search criteria for CDs[,]" and argue that the parameters of this case do not allow the plaintiffs to peruse and explore all other aspects of the TradeWeb's contractual and

financial relationships with its customers. Id. at 2. The defendants argue that the redactions are "necessary to protect business information that is wholly unrelated to IDC's ratings data." Id. at 4. In short, defendants argue that "IDC does not get to probe all of TradeWeb's business dealings just because one contract is at issue." Id.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b). Although the 2015 Amendments to Rule 26(b) placed a renewed emphasis on proportionality with regard to discovery requests (see advisory committee notes, 2015 Amendment; Milwaukee Elec. Tool Corp. v. Snap-On Inc., No. 14-CV-1296-JPS, 2017 3130414, at *1 (E.D. Wis. July 24, 2017)), the rule still provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Id. District courts maintain broad discretion in discovery matters. Kuttner v. Zaruba, 819 F.3d 970, 974 (7th Cir. 2016).

The plaintiff submits exhibits with examples of the sorts of redactions that the defendants have performed. For example, exhibit D to the Kirtley declaration shows more than thirty of its thirty-seven pages redacted as "non-responsive." Dkt. No. 47-6. In exhibit H to the Kirtley declaration, the defendants have redacted pages five through thirty of the document. Dkt. No. 47-14. The defendants have gone beyond the sort-of "line-item" redactions of personal information or account numbers sanctioned by Fed. R. Civ. P. 5.2.

4

Instead, they have blocked out large chunks of information on documents that, by virtue of producing them, they admit are discoverable.

Although the defendants have provided the court with a description of each of the redacted documents through the declaration of Michael Kleinman, (dkt. no. 50 at 2, ¶5), these descriptions do not suffice to cure the extensive redactions. As another district court has found, "[t]he practice of redacting for nonresponsiveness or irrelevance finds no explicit support in the Federal Rules of Civil Procedure, and the only bases for prohibiting a party from seeing a portion of a document in the Rules are claims of privilege and work-product protections." Burris v. Versa Products, Inc., Civil No. 07-3938 (JRT/JJK), 2013 WL 608742, at *3 (D. Minn. Feb. 19, 2013) (citing Fed. R. Civ. P. 26(b)(5)). Further,

> [p]arties making such redactions unilaterally decide that information within a discoverable document need not be disclosed to their opponents, thereby depriving their opponents of the opportunity to see information in its full context and fueling mistrust about the redactions' propriety. And if the Court were to allow such a practice it would improperly incentivize parties to hide as much as they dare. That is a result at odds with the liberal discovery policies, the adversary process, and the Court's obligation to read the Rules 'to secure the just, speedy, and inexpensive determination of every action and proceeding.' Fed.R.Civ.P. 1. None of this is intended to imply that [redacting party] or its counsel attempted to hide the ball here. But because these types of redactions find no support in the Rules and are fraught with the potential for abuse, the Court will not permit them unless the circumstances provide an exceedingly justification to do so.

Id.

That potential for abuse exists here. The defendants do not assert any privilege protecting the information they redacted, and object to disclosing the

5

information on a blanket assertion that the redacted information does not apply to the plaintiff. The plaintiffs may disagree with the defendants' relevance determination. See EEOC v. Dolgencorp, LLC, No. 13-cv-04307, 2015 WL 2148394 at *5 (N.D. Ill. May 5, 2015) ("What constitutes relevant information is often a matter of judgment, and even irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information.") (internal quotations omitted). The court does not agree that the plaintiff must "take the defendants' word for it" that the redacted portions of the documents are not relevant to the plaintiff's claim.

More important, the defendants have not provided a compelling reason for the court to allow the extensive redactions. The defendants cite In re: Takata Airbag Prods. Liab. Litig., 14-24009-CV-MORENO, 2016 WL 1460143 (S.D. Fla. Feb. 24, 2016), in which a district court in the Southern District of Florida allowed the defendants to redact documents as nonresponsive because of its concern that the documents contained competitively sensitive materials that may have been exposed to the public, despite protective orders. Here, while the defendants state that "Tradeweb's redactions are necessary to protect 'business information that is wholly unrelated' to IDC's ratings data[,]" they make no effort to explain why Judge Randa's February 15, 2016 protective order does not adequately protect the defendants. That protective order explicitly provides that "documents or other information marked as CONFIDENTIAL INFORMATION may be used only in connection with the above-captioned litigation and shall not be disclosed, displayed, shown, made

available, or communicated in any way to anyone other than the following [specific exceptions]." Dkt. No. 30 at 3, ¶6. The court does not see a compelling reason to alter the traditionally broad discovery allowed by the rules by letting the defendants unilaterally redact large portions of their responsive documents on relevance grounds.

The court **GRANTS** the plaintiff's motion to file as restricted. Dkt. No. 45. The court **ORDERS** that, under General L.R. 79(d), Exhibits A, D, E, F, G, H, I, J, K, L and M to the declaration of John Kirtley (dkt. no. 47) shall be **RESTRICTED** to case participants until further order of the court.

The court **GRANTS** the plaintiff's motion to compel. Dkt. No. 46. The court **ORDERS** that the defendants shall produce an un-redacted version of the documents identified in Exhibits A and B to the Kirtley Declaration, dkt. nos. 47-1, 47-2, no later than the end of the day on November 7, 2017.

Dated in Milwaukee, Wisconsin this 26th day of October, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**