IDC FINANCIAL PUBLISHING, INC.,

      Plaintiff,

v.                                                Case No. 15-cv-1085-pp

BONDDESK GROUP, LLC, *et al.*,

      Defendants.

**ORDER DENYING WITHOUT PREJUDICE THE PLAINTIFF'S MOTION TO RESTRICT (DKT. NO. 160), DEFENDANT BONDDESK'S MOTION TO RESTRICT (DKT. NO. 169) AND DEFENDANT FIDELITY'S MOTION TO RESTRICT (DKT. NO. 181) AND REQURING THE PARTIES TO FILE AMENDED MOTIONS BY A DATE CERTAIN**

The parties have filed three motions to restrict documents.

The plaintiff's motion asks the court to restrict Exhibits A, E, F, H and J attached to the declaration of Matthew M. Wuest (dkt. no. 168) in support of the plaintiff's motions *in limine.* Dkt. No. 160. In support of the motion, the plaintiff asserts that under Fed. R. Civ. P. 5.2(d) and Civil Local Rule 79(d)(4), the court has the authority to allow parties to restrict documents "for good cause." Id. at 2. It asserts that courts allow parties to restrict documents that contain sensitive business information, "especially, where, as here, the confidential material consists of 'trade secrets or other categories of *bona fide* long-term confidentiality.'" Id. (citing Baxter Int'l, Inc. v. Abbott Labs., 297 F.3d 544, 546 (7th Cir. 2002). The plaintiff asserts that the court should restrict the exhibits because "they reference, describe, and quote from documents and information that the parties have designated as 'CONFIDENTIAL' or 'ATTORNEYS EYES ONLY,' and which the designating party has asserted contains non-public and confidential business and/or financial information."

1

Id. Specifically, the plaintiff says the attachments contain "confidential deposition testimony and confidential client names and information." Id. at 2-3. The plaintiff says that "'CONFIDENTIAL' or 'ATTORNEYS EYES ONLY' information can also be damaging to the parties' ability to compete in the marketplace if public disclosures were permitted." Id. at 3.

BondDesk's motion is similar. Dkt. No. 169. It asks the court to restrict three memoranda of law in support of motions *in limine*, asserting that there is information in them that the plaintiff has designated confidential. Id. at 2. The defendant asserts that the redactions in the motions "reference or describe information that Fidelity or IDC have designated as 'Confidential' under the Protective Order because they contain non-public, proprietary, and/or competitive information belonging to IDC and Fidelity." Id. at 3. It concludes that IDC and/or Fidelity "may be harmed commercially if the details contained in the proposed redactions to the Motions were made available to the public." Id. at 3-4. Fidelity's motion is much the same (although it cites decisions in which courts have *declined* to grant the sorts of motions the parties have filed here). Dkt. No. 181.

None of the motions state good cause to restrict the attachments. "The Seventh Circuit has emphasized that 'the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.' *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)." Roumann Consulting Inc. v. T.V. John & Son, Inc., No. 17-C-1407, 2019 WL 3501513, at *8 (E.D. Wis. Aug. 1, 2019). A party may override this interest only if its privacy interest surmounts the public's interest; "that is, only if there is good cause for sealing a part or the whole of the record in that case." Id.

In Baxter—the case the plaintiff itself cited—the Seventh Circuit faced a motion like the one the plaintiff has filed. The court explained,

> [a] few weeks ago a single judge of this court, serving as motions judge for the week, received and denied a joint motion to maintain documents under seal. The motion was generic: it related that the parties had agreed on secrecy, that the documents contained commercially sensitive information, and so on, but omitted details. What is more, the motion did not attempt to separate genuinely secret documents from others in the same box or folder that could be released without risk. The motion was patterned on the sort of broad secrecy agreement that often accompanies discovery in order to expedite that process by avoiding document-by-document analysis. Secrecy is fine at the discovery stage, before the material enters the judicial record. See *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 . . . (1984). But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality.

Baxter, 297 F.3d at 545. The court went on explain that the parties had made "no effort to justify the claim of secrecy," simply asserting it on the ground that the documents to be sealed were commercial documents. Id. at 546. The court stated, "[t]hat won't do." Id. The court allowed the parties to amend their motion to seal, but stated that it would "in the future deny outright any motion . . . that does not analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." Id. at 548.

Since then, the court has affirmed that it would not seal documents "simply because the parties had agreed to do so among themselves because that practice deprives the public of material information about the judicial process." United States v. Sanford-Brown, Ltd., 788 F.3d 696, 713 (7th Cir. 2015) (vacated on other grounds, United States *ex rel.* Nelson v. Sanford-Brown, Ltd., 136 S. Ct. 2506 (2016)).

The plaintiff mentions "trade secrets" and confidential client names and information. In Formax Inc. v. Alkar-Rapidpak-MP Equipement, Inc., No. 11-C-

3

0298, 2014 WL 792086, at *1 (E.D. Wis. Feb. 25, 2014), Judge Griesbach discussed the issues with these sorts of unsupported assertions. He explained:

> Motions to seal are becoming increasingly common and occupy an increasing portion of the court's time. In litigation involving businesses expecially, it is common for one or both parties to request entry of a protective order to govern the handing [sic] information they may be obligated to disclose in discovery that the disclosing party believes could damage its business if the information is disclosed to the wider general public, including their competitors. The typical protective order requested by the parties allows the disclosing party to designate such information "confidential" and thereby create a duty on the part of the receiving party to avoid any further disclosure of the information than is necessary to conduct the litigation. The benefit of such an order is that it increases a party's willingness to respond to discovery requests without involving the court on closer questions because of fear that providing information that is not directly relevant may cause injury to their businesses. The difficulty arises when one of the parties decides to include information from a document designated "confidential" as part of a court filing. The standard protective order states that if information from a document designated "confidential" by another party is filed with the court, it must be sealed. Filing documents under seal, however, conflicts with the general rule that litigation in the courts of the United States is open to the public. *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000).

Id.

Judge Griesbach went on to explain that it is "not enough to simply assert that disclosure would place a party at a competitive advantage." Id. at 2. While acknowledging that documents "containing highly sensitive pricing information, sales figures, sales dollar amounts, profit and loss data, and other financial records not normally made known to the public may be properly filed under seal," he explained that "not all pricing information or customer lists are entitled to protection." Id. at 3. He found that "[a]bsent further explanation, the fact that documents contain such information does not constitute good cause for sealing them." Id.

4

The court will deny all three motions, because they do not state good cause for restricting. The court will allow the parties to file amended motions within twenty-one days—motions which comply with the Seventh Circuit's directive that they analyze in detail, document by document, the propriety of the requested secrecy and provide reasons.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to restrict. Dkt. No. 160.

The court **DENIES WITHOUT PREJUDICE** defendant BondDesk's motion to restrict. Dkt. No. 169.

The court **DENIES WITHOUT PREJUDICE** defendant Fidelity's motion to restrict. Dkt. No. 181.

The court **ORDERS** that if the parties want the court to restrict any documents, they must, by the end of the day on **March 31, 2020**, file amended motions to restrict that comply with this order.

Dated in Milwaukee, Wisconsin this 10th day of March, 2020.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**