UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IDC FINANCIAL PUBLISHING, INC.,

        Plaintiff,

  v.

                                  Case No. 15-cv-1085-pp

BONDDESK GROUP, LLC, *et al.*,

        Defendants.

## ORDER GRANTING FIDELITY DEFENDANTS' MOTION TO RESTRICT DOCUMENTS (DKT. NO. 257)

On April 10, 2020, the parties filed a stipulation agreeing to dismiss the case with prejudice. Dkt. No. 255. Three days later, defendants National Financial Services, LLC (NFS) and Fidelity Brokerage Services LLC (collectively "Fidelity") filed a motion asking the court to maintain as restricted from public view Exhibits H and J to the Declaration of Matthew M. Wuest (Dkt. Nos. 168-18, 168-19).[1] Dkt. No. 257.

The plaintiff moved to restrict these documents in April 2019, when they were filed in support of the plaintiff's motions *in limine*. Dkt. No. 160. The court denied that motion without prejudice because it did not state good cause for the request. Dkt. No. 236. But the court gave the parties the opportunity to filed amended motions stating cause for the requested restrictions. Id. at 5. The

---

[1] The motion mistakenly refers to Dkt. Nos. 168-8 and 168-10. Dkt. No. 257 at 1. Those documents are the redacted versions of the relevant documents. The unredacted, confidential versions are at docket numbers 168-18 and 168-19.

1

plaintiff subsequently filed another motion to restrict Exhibit J. Dkt. No. 254. It did not seek to restrict Exhibit H; it indicated that it originally had sought to restrict that document "to keep certain customer names and contacts confidential . . . based on [a non-party's] confidentiality designations." Id. at 2 n.1. It indicated that "because [the non-party] has withdrawn its designations and the information is already in the public record, [the plaintiff] does not seek to file Exhibit H as redacted." Id. The court did not rule on this motion because the parties filed the stipulation of dismissal the next day.

In the motion filed after dismissal of the case, Fidelity explains that the documents are deposition transcripts containing Fidelity customer names. Id. at 1. It says that it made "substantial efforts to keep its customer information and the names of individuals associated with its customers confidential." Id. at 2. Fidelity claims that disclosure of this information would "cause competitive harm to Fidelity," "invade the privacy of Fidelity customers" and would violate the spirit of Fidelity's obligations under the Gramm-Leach-Bliley Act and implementing regulations. Id. at 2–3. Fidelity also argues that the public interest in the documents is weaker here because the documents were filed as exhibits to a mooted motion *in limine*. Id. at 3 (citing KM Enterprises, Inc. v. Glob. Traffic Techs., Inc., 725 F.3d 718, 734 (7th Cir. 2013) (finding that granting motion to return documents to district court for sealing "is appropriate when they are not among 'the materials that formed the basis of the parties' dispute and the district court's resolution.'")). The defendants indicate that they do not object to the majority of the content of the documents

being available to the public, as long as the customer names (redacted from Dkt. Nos. 168-8 and 168-10) remain restricted to viewing by the parties.

The court regrets that it has not ruled on a motion filed almost ten months ago; the court is responsible for the delay, having missed the fact that a party had filed a motion after closure of the case. Neither the plaintiff nor the other defendants have objected to the motion. While the court notes that the defendants did not take the court up on its offer to seek restriction of the customer names while the litigation was pending, it agrees that because the court did not rely on the restricted information in making any substantive rulings, and because the case was resolved by stipulation rather than by any substantive ruling from by the court, there is likely little public interest in the restricted information.

The court **GRANTS** the Fidelity defendants' motion to restrict. Dkt. No. 257. The court **ORDERS** that, under General L.R. 79(d), Exhibits H and J to the Declaration of Matthew M. Wuest (Dkt. Nos. 168-18, 168-19) shall be **RESTRICTED** to case participants until further order of the court.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2021.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
